Stewart H. Foreman (CSB #61149)
Daniel T. Bernhard (CSB #104229)
FREELAND COOPER & FOREMAN LLP
150 Spear Street, Suite 1800
San Francisco, California 94105
Telephone: (415) 541-0200
Facsimile: (415) 495-4332

Attorneys for Defendants
Norman Ishaq Dudum d/b/a Taqueria Zorro

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NORMAN ISHAQ DUDUM, INDIVIDUALLY and d/b/a TAQUERIA EL ZORRO, <br><br> Defendant. | CASE NO.: CV 08 1470 SI <br><br> **DEFENDANTS' ANSWER TO COMPLAINT** |

For their answer to the complaint herein, defendants Norman Ishaq Dudum individually and dba Taqueria Zorro (erroneously sued herein as "Taqueria El Zorro") (hereinafter collectively referred to as "Dudum" or "Defendants") admit, deny, allege and aver as follows:

**JURISDICTION**

1. Defendants admit that the Complaint purports to state claims under the Communications Act of 1934, as amended, Title 47 U.S.C. §§605, et seq., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. §§ 553, et seq. Except as expressly admitted, Defendants deny the allegations contained in paragraph 1.

2. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and on that basis deny them.

DEFENDANTS' ANSWER TO COMPLAINT
{00117976-1}

1

3. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis deny them, except that defendants expressly deny that they have engaged in any wrongful acts.

## VENUE

4. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis deny them.

## INTRADISTRICT TRANSFER

5. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis deny them.

## PARTIES

6. Defendants lack information or knowledge sufficient to forma a belief as to the truth of the allegations contained in paragraph 6, and on that basis deny them.

7. Defendants admit that Norman Dudum is an owner and operator of a commercial establishment doing business as Taqueria Zorro at 308 Columbus Avenue, San Francisco, California 94133. Except as expressly admitted, defendants object to and deny the characterizations and allegations contained in paragraph 7.

## COUNT I

8. Defendants incorporate and reallege their responses to paragraphs 1-7, inclusive, as though set forth in full.

9. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and on that basis deny them.

10. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and on that basis deny them.

11. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and on that basis deny them.

12. Defendants deny the allegations contained in paragraph 12.

13. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13, and on that basis deny them.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16(a). Defendants deny the allegations contained in paragraph 16(a).

16(b). Defendants deny the allegations contained in paragraph 16(b).

## COUNT II

17. Defendants incorporate and reallege their responses to paragraphs 1-16, inclusive, as though set forth in full.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21(a). Defendants deny the allegations contained in paragraph 21(a).

21(b). Defendants deny the allegations contained in paragraph 21(b).

21(c). Defendants deny the allegations contained in paragraph 21(c).

## COUNT III

22. Defendants incorporate and reallege their responses to paragraphs 1-21, inclusive, as though set forth in full.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

## AFFIRMATIVE DEFENSES

Defendants allege and aver the following as their affirmative defenses to the purported claims herein:

## FIRST AFFIRMATIVE DEFENSE

The complaint, and each purported claim contained therein, fails to state any facts upon which any relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims alleged in the complaint are barred by the applicable statutes of limitation, including but not limited to the two-year limitations period governing claims under 47 U.S.C. §§553, et seq., and 47 U.S.C. §§605, et seq.

## THIRD AFFIRMATIVE DEFENSE

The acts and conduct of third parties are the cause of plaintiff's alleged damages and injury, if any, which damages and injury defendants deny. Plaintiff has failed to join a required party necessary to the full and complete adjudication of the purported claims, as required by Rule 19 of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff or its agents willingly made available programming and the property here at issue to defendants for their use and enjoyment without the restrictions, conditions or limitations that plaintiff now attempts to impose after the fact.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for conversion is barred in that defendants acts and conduct, if any, were not intentional, but inadvertent, and not intended to deprive plaintiff of the use of any property owned or held by plaintiff. Moreover, plaintiff was not in fact deprived of the use of its property at any time, but instead sold its rights in such property to a third party, which then validly contracted with defendants for the use of that property.

## SIXTH AFFIRMATIVE DEFENSE

Defendants were specifically authorized to receive and use the programming and property here at issue in that at all relevant times they owned and held a lawful and proper cable account that provided programming to defendants, including the program here at issue. Defendants specifically ordered the program here in dispute from their cable provider, consistent with standard practices under the terms and conditions of defendants' account. Defendants were billed for the program, and timely paid in full for the program.

**SEVENTH AFFIRMATIVE DEFENSE**

Any purported damages, injury or loss suffered by plaintiff, which defendants deny, were the result of and caused by acts and conduct of third parties, including defendants' cable provider, which acts and conduct were the sole and complete cause of any of plaintiff's purported damages, injury or loss. Plaintiff claims, and any remedy, are properly directed against that cable provider, which is a required party pursuant to Rule 19 of the Federal Rules of Civil Procedure, and plaintiff has failed to join that essential party.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants conduct and acts were not willful or intentional, but rather were inadvertent and unintentional, and consequently defendants can have no liability as a matter of law to plaintiff for the damages and losses alleged by plaintiff pursuant to 47 U.S.C. §§553, et. seq.

**NINTH AFFIRMATIVE DEFENSE**

Defendants conduct and acts were not willful or intentional, but rather were inadvertent and unintentional, and consequently defendants can have no liability as a matter of law to plaintiff for the damages and losses alleged by plaintiff pursuant to 47 U.S.C. §§605, et. seq.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has received payment in full for any use by defendants of any property owned or held by plaintiff, which therefore lacks standing to bring the claims alleged herein, or recover thereunder.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants received no actual financial benefit or gain from the use of the programming and property here in dispute, nor did they attempt to obtain any such financial benefit or gain thereby.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff lacks any privity with defendants herein, and therefore lacks standing to bring the claims alleged herein, or recover thereunder. Defendants had no contractual relationship with plaintiff at any time, and no obligations to plaintiff; defendants complied with and discharged all of their obligations to their cable provider.

WHEREFORE, Defendants pray for judgment as follows:

5

DEFENDANTS' ANSWER TO COMPLAINT
{00117976-1}

1. That plaintiff take nothing by its complaint herein;

2. That judgment be entered in favor of defendants and against plaintiff;

3. That defendants be awarded their costs and expenses;

4. That defendants be awarded their reasonable attorneys fees incurred in the defense of this lawsuit; and

5. For such other and additional relief as the Court deems just and proper.

Dated: June 5, 2008

STEWART H. FOREMAN
DANIEL T. BERNHARD
FREELAND COOPER & FOREMAN LLP

By: _____
DANIEL T. BERNHARD
Attorneys for Defendants
Norman Ishaq Dudum d/b/a Taqueria Zorro

DEFENDANTS' ANSWER TO COMPLAINT

6

{00117976-1}